**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANDRES HOLDING CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-127-XR |
| | § | |
| VILLAJE DEL RIO, LTD., ET AL., | § | |
| | § | |
| *Defendants.* | § | |
| | | |
| GEORGE GEIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-268-XR |
| | § | |
| ANDRES HOLDING CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry No. 49) and George Geis' and Villaje Management, LLC's Response to Plaintiff's Motion for Leave to File Amended Complaint. (Docket Entry No. 50.)  Defendant Villeja Del Rio, Ltd. has not filed a response to Plaintiff's motion.  Having considered the motion and the record in this case, the Court hereby DENIES the motion.

**Factual Background**

Defendant George Geis is the owner of the Rio Architects company, the design architect on a multi-million dollar residential, commercial, and retail development construction project known as the Villaje Del Rio Project ("the Project").  Geis later founded Defendant Villeja Management,

L.L.C. (VM), the general partner of Defendant Villaje Del Rio, Ltd. (VDR), which was created to develop and construct the Project.  Geis financed the Project through a line of credit provided by DB Berkshire Mortgage (DBBM).  VDR entered into a contract with Plaintiff Andres Holding that designated Andres Holding as the general contractor for the project.  VDR fired Andres Holding after a dispute arose regarding a number of mechanical, structural, and architectural changes that Andres Holding determined were necessary for the architectural plans, and the cost of making such changes.  After DBBM declared its loan to VDR for construction of the Project in default, Colina del Rio ("Colina") ultimately purchased the loan.  VDR later filed for bankruptcy, and in the course of the bankruptcy proceedings, Colina purchased all of VDR's claims "not sounding in tort" against Geis.

### Procedural Background

The Villaje Del Rio project has resulted in numerous lawsuits in both state and federal court. Colina filed suit in the 408th Judicial District Court for Bexar County, Texas against Geis, d/b/a Rio Architects, asserting that the contract for the Project was fraudulent because Geis failed to register with the Texas Board of Architectural Examiners and failed to employ or associate with any licensed architect when it drafted its plans.[1]  Alternatively, Colina asserted a breach of contract claim against Geis for supplying plans that did not comply with all applicable local and HUD requirements and all applicable architectural standards.[2]

In this Court, in Case No. SA-09-CA-127-XR, Andres Holding asserts claims against VDR arising out of the construction contract, and breach of contract claims against Geis and VM under

---

[1] *See George Geis d/b/a/ Rio Architects v. Colina del Rio, LP,* No. 04-09-00465-CV (Tex. App.–San Antonio Jul. 21, 2010).

[2] *Id.*

an alter ego theory.  In a separate action, Case No. SA-09-CA-268-XR, Geis asserts claims that Andres Holding had received fraudulent transfers violating the Texas Uniform Fraudulent Transfer Act, and claims that Andres Holding received payments for over-billing, double billing, and work that was not performed.  The two cases were consolidated on July 24, 2009.[3]

On November 4, 2009, the Court issued a Scheduling Order in this consolidated case that established a deadline of December 30, 2009 for the parties to amend their pleadings, and the case was originally set for trial on August 9, 2010.[4]  Plaintiff timely sought leave and filed its second amended complaint on January 4, 2010,[5] to which Defendants VM and Geis timely filed answers.[6]  The parties have asked and the Court has granted numerous extensions of deadlines and continuances in this case.  In the Court's most current order, the dispositive motions deadline was extended to October 29, 2010 and the discovery deadline was extended to December 15, 2010.[7]  The pre-trial conference has been reset to February 17, 2011 and the trial has been reset to February 28,

---

[3]Order, Jul. 24, 2009 (Docket Entry No. 16).  Geis also sought to consolidate a third case, No. SA-07-CA-947-XR, filed by VDR against Colina del Rio (CDR) and DB Berkshire Mortgage (DBBM), which provided financing for the project, for tortious interference, economic coercion, and recovery and recovery under the Texas Uniform Fraudulent Transfer Act for DBBM's funding of the overpayments, double payments ,and improper payments to Andres Holding.  The Court denied the motion for consolidation of that case, which was ultimately dismissed by stipulation of the parties.  Order Dismissing Case with Prejudice, Nov. 30, 2009 (Case No. SA-07-CA-947, Docket Entry No. 120).

[4]Scheduling Order, Nov. 4, 2009 (Docket Entry No. 22).

[5]Pl.'s Second Amended Compl., Jan. 4, 2010 (Docket Entry No. 31).

[6]Villaje Management, LLC's and George Geis' Answer to Plaintiff's Second Amended Complaint, Jan. 19, 2010 (Docket Entry No. 33).

[7]Order Granting Agreed Mot. to Extend Certain Deadlines, Aug. 25, 2010 (Docket Entry No. 48).

2011.[8]

Plaintiff Andres Holding now seeks leave to file its third amended complaint in response to developments in the state court case.  The 408th Judicial District Court for Bexar County, Texas issued its Findings of Fact and Conclusions of Law in *Colina Del Rio, LP v. George Geis d/b/a Rio Architects* on July 6, 2009.[9]  On July 21, 2010, the Texas Fourth Court of Appeals affirmed the trial court's findings of fact and conclusions of law.[10]  On September 14, 2010, the Fourth Court of Appeals denied a request for rehearing.[11]  On September 30, 2010, Andres Holding filed this motion for leave to amend its complaint in order to plead the facts relating to its fraud claims with more specificity, and to reduce its damages claim, based on the factual findings of the trial court.[12]

### Legal Standard

Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), leave to amend is not automatic.  *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).  The decision to grant or deny a motion to amend is within the sound discretion of the trial court.  *Id.*  In exercising its discretion, the trial court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment."  *Gregory v. Mitchell*, 634 F.2d 199, 203

---

[8]Order on Motion for Continuance, Apr. 14, 2010 (Docket Entry No. 46).

[9]No. 2007-CI-07993 (408th Dist. Ct., Bexar County, Tex. Jul. 6, 2009).

[10]*George Geis d/b/a/ Rio Architects v. Colina del Rio, LP,* No. 04-09-00465-CV (Tex. App.–San Antonio Jul. 21, 2010).

[11]Pl.'s Mot. for Leave to File Am. Compl. 2., Sep. 30, 2010 (Docket Entry No. 49).

[12]*Id.* at 4.

(5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

In this case, Andres seeks leave to amend after the expiration of the deadline to amend pleadings contained in the Court's scheduling order. The original scheduling order, issued November 4, 2009, provided that the deadline to amend pleadings was December 30, 2009. Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired, and requires "good cause" and consent of the Court to modify a scheduling order. FED. R. CIV. P. 16(b)(4); *S&W Enterps., L.L. C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir.2003). To determine whether "good cause" exists to extend the scheduling order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave. *S&W Enterps.*, 315 F.3d at 536. In its motion, Plaintiff failed to address any of the four factors of good cause required to amend a scheduling order deadline, but instead presented its argument under a Rule 15 analysis.

## Analysis

The state trial court initially issued its findings of fact and conclusions of law in the *Colina del Rio* case on July 6, 2009.[13] The Fourth Court of Appeals in San Antonio affirmed the trial courts's findings on July 21, 2010,[14] and denied a request for rehearing on the case on September 14,

---

[13]No. 2007-CI-07993 (408th Dist. Ct., Bexar County, Tex. Jul. 6, 2009).

[14]*George Geis d/b/a/ Rio Architects v. Colina del Rio, LP,* No. 04-09-00465-CV (Tex. App.–San Antonio Jul. 21, 2010).

2010.[15]  With the Court's permission, Plaintiff filed its second amended complaint on January 4, 2010, a full six months after the state court's decision, but at that time it did not address any of the trial court's findings.[16]  Both Texas and the federal courts hold that a judgment is final for *res judicata* purposes despite the pendency of an appeal.  *See Prager v. El Paso National Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969); *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986).  Plaintiff has offered no explanation for failing to address the state court's findings of fact in its second amended complaint.

Furthermore, Plaintiff fails to demonstrate that allowing the proposed amendment would not result in prejudice.  Plaintiff argues that the Defendants will not be prejudiced by the amendments because the parties have only taken two depositions and the discovery period is open until December 15, 2010.  Defendants assert that they have already conducted interrogatories, requests for production, and three depositions and will likely need to re-depose these witness if Plaintiff's motion is granted.  The Court agrees that allowing Plaintiff to amend its complaint nine months after the deadline to amend has passed, and only two weeks before the deadline for dispositive motions, will disrupt the progress of this case and cause prejudice to the Defendants.  Moreover, both parties have continually submitted requests for extension of deadlines and continuances, thus resulting in the trial date being moved from August 9, 2010 to February 17, 2011.  Allowing another continuance will not cure this prejudice, but will only further and unnecessarily delay the trial.

---

[15]Pl.'s Mot. at 2.

[16]Pl.'s 2nd Am. Compl., Jan. 4, 2010 (Docket Entry No. 31).

The Court finds that Plaintiff does not have good cause under Rule 16(b) to amend its complaint this long after the deadline for amending pleadings.  The Court need not engage in a Rule 15 analysis.

### Conclusion

Considering the appropriate factors and pursuant to Rule 16(b) of the Federal Rule of Civil Procedure, the Court DENIES Plaintiff's motion for leave to amend its complaint.

It is so ORDERED.

SIGNED this 19th day of October, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE